UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL-JOHN TUCKER

CIVIL ACTION

V.

NO. 25-1613

MICHELLE SEILER TUCKER

SECTION "C" (5)

### ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (R. Doc. 20). Before considering the merits of the motion, the Court must be satisfied that subject matter jurisdiction exists. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Having reviewed the Notice of Removal (R. Doc. 1), plaintiff's petition (R. Doc. 1-1), and the parties' submissions, the Court concludes removal was improper. Accordingly, this case is **REMANDED** to the Civil District Court, Orleans Parish.

### I.    BACKGROUND

*Pro se* plaintiff, Michael-John "Chaps" Tucker, filed this action in Civil District Court, Orleans Parish, against defendant, Michelle Seiler Tucker.[1] Plaintiff asserts six claims: (1) invasion of privacy; (2) labor misclassification and wage violations under Louisiana Revised Statutes section 23:1472; (3) unjust enrichment; (4) intentional infliction of emotional distress; (5) coerced deceptive marketing practices; and (6) unauthorized appropriation of likeness for commercial benefit under Louisiana Revised Statutes section 51:470.[2] The petition pleads only Louisiana state law claims, without invoking any federal statute.[3]

---

[1]    R. Doc. 1-1.
[2]    *Id.*
[3]    *See* R. Doc. 1 at 3 (acknowledging plaintiff cites "La. R.S. 23:1472" in support of his wage claim).

1

Defendant removed the action asserting federal question jurisdiction under 28 U.S.C. § 1331.[4] Defendant claimed "the facts alleged and recovery sought rely on the resolution of a substantial, disputed federal question under the Fair Labor Standard Act."[5] Plaintiff did not move to remand. Defendant now moves for summary judgment.[6]

## II.   LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power authorized by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction cannot be created by waiver or consent. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 702 (1982). Consequently, a federal court must consider jurisdictional defects *sua sponte* when they appear. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *Steel Co.*, 523 U.S. at 94–95.

A removed case lacking subject matter jurisdiction requires remand. 28 U.S.C. § 1447(c). Jurisdictional defects can be raised any time before final judgment. *Id.* The removing party bears the burden of establishing federal jurisdiction, and any doubts regarding the propriety of removal are resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In analyzing removability, the claims in the state court petition at the time of removal are determinative. *Id.*

 Here, because there is no allegation of diversity jurisdiction, federal question jurisdiction is necessary for removal to be proper. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal question jurisdiction is required."). Federal question

---

[4]      *Id.*
[5]      *Id.*
[6]      R. Doc. 20.

2

jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases "arise under" federal law either when plaintiff pleads a cause of action created by federal law, or when plaintiff's relief depends on resolution of a substantial question of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Jurisdiction attaches in the latter case when a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Ultimately, whether a substantial federal issue is embedded in state law claims requires pragmatic assessment of the nature of the federal interest at stake. *Howery*, 243 F.3d at 917.

## III.    DISCUSSION

Jurisdiction under section 1331 must exist on the face of plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392; *see also Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). As the "the master of the claim," plaintiff may avoid federal jurisdiction by pleading exclusively under state law. *Caterpillar*, 482 U.S. at 392. Here, plaintiff pled only Louisiana state law claims.[7]  The petition does not invoke the FLSA or any other federal statute. Nevertheless, defendant contends federal question jurisdiction exists because "the facts alleged and recovery sought rely on the resolution of a substantial, disputed federal question under the FSLA, namely the misclassification and violation of wage requirements."[8]

Plaintiff's wage and misclassification claims do not satisfy the first and third elements recited in *Grable*. First, the federal issue is not "necessarily raised," because Louisiana law supplies multiple causes of action and duties that support a labor misclassification and wage claim,

---

[7]     R. Doc. 1-1.
[8]     *Id.*

3

including Louisiana Revised Statutes section 23:1472.[9] *See Riehm v. Wood Resources, LLC*, No. 16-12747, 2016 WL 6123372, at *4 (E.D. La. Oct. 20, 2016) (no federal duty was "necessarily raised" where plaintiff's petition relied solely on the duties imposed by Louisiana law). A claim does not arise under sections 1331 or 1337 if relief is sought based entirely upon a state cause of action. *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 155 n.2 (5th Cir. 1981). And a state law claim is not transformed into a federal claim merely because the same conduct would support a federal cause of action. *Caterpillar*, 482 U.S. at 399; *see also Kidd v. Southwest Airlines, Inc.*, 891 F.2d 540, 544 (5th Cir. 1990). When a choice exists, plaintiff may proceed "on the exclusive basis of state law, thus defeating defendant's opportunity to remove." *Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674, 680 (5th Cir. 2001) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

Second, the federal issue raised in defendant's removal notice is not "substantial." Substantiality requires importance to the "federal system as a whole," not merely to the parties before the Court. *Gunn*, 568 U.S. at 260; *see also Singh v. Duane Morris, LLP*, 538 F.3d 334, 339 (5th Cir. 2008) The subject dispute is essentially whether plaintiff was properly classified as an independent contractor rather than an employee. Plaintiff's alleged misclassification purposes of Louisiana wage and unemployment compensation law presents a routine state law factual question about plaintiff's working relationship, not an issue of broad systemic importance under federal law.

Defendant relies on *Aldridge v. Mississippi Department of Corrections,* which is distinguishable.[10] *Aldridge* addressed preemption as a defense, not subject matter jurisdiction over a state law-only complaint. 990 F.3d 868, 872-73 (5th Cir. 2021). Further, Mississippi had no

---

[9] R. Doc. 1-1 at 3; R. Doc. 1 at 3.
[10] R. Doc. 1 at 3.

equivalent to Louisiana's wage statutes, leaving the FLSA as the only source of a duty to pay overtime and minimum wages. *Id.* at 877.

Defendant's reliance on *Odom v. Respiratory Care, Inc.*, 98-0263 (La. App. 1 Cir. 2/19/99), 754 So. 2d 252, is similarly misplaced.[11] *Odom* litigated in Louisiana state court from initial filing through final appeal. *Id.* at 2-3, 754 So. 2d at 254. The case addressed whether the FLSA or state law governed an overtime claim decided in state court, not whether such a claim is removable to federal court. *Id.* at 5-6, 754 So. 2d at 256.

Removal on the theory of FLSA preemption fares no better. A case cannot be removed to federal court on the basis of a federal defense, including the defense of preemption. *Caterpillar*, 482 U.S. at 393. Further, the narrow doctrine of complete preemption does not apply because the FLSA contains a savings clause, thus, does not completely preempt state law wage claims. *See* 29 U.S.C. § 218(a); *Aldridge*, 990 F.3d at 875.

In sum, no federal question appears on the face of plaintiff's petition, and the wage claim does not fall within the narrow *Grable* category. Federal question jurisdiction under section 1331 is unavailable.

## V.    CONCLUSION

Plaintiff's petition pleads only state law claims, and no federal question appears on its face. Defendant's substantial federal question theory does not satisfy the standard set by *Grable* and *Gunn*. The Court lacks subject matter jurisdiction over this action. Remand is mandatory under 28 U.S.C. § 1447(c).

Considering the above and foregoing;

---

[11]      *Id.*

**IT IS ORDERED** that the captioned matter is **REMANDED** to Civil District Court, Orleans Parish, Louisiana, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 27th day of May, 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

6